UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| ERIC WALKER BROWN | } | CASE NO.  19-82285-CRJ-13 |
| SSN: XXX-XX-5055 | } | |
| | } | |
| | } | CHAPTER 13 |
| Debtor. | } | |

**ORDER REQUIRING COUNSEL FOR DEBTOR TO SHOW CAUSE WHY COUNSEL SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONS IMPOSED PURSUANT TO RULE 9011(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

On August 5, 2019, the Court entered an Order Denying Application to Have the Chapter 7 Filing Fee Waived and Directing Counsel for Debtor to Remit $100 to the Clerk's Office in Partial Payment of the Filing Fee (hereinafter the "Court's Order") within seven (7) calendar days from the date of the Order, ECF No. 12.

On August 12, 2019, counsel for the Debtor made an electronic docket entry on CM\ECF certifying as follows:

Payment of Installment Fee. *by counsel for debtor in accordance with court order entered 8/5* Fee Amount $100 Filed by Debtor Eric Walker Brown. (Pleva, Joseph).

Despite counsel's misrepresentation on August 12, 2019 that counsel complied with the Court's Order by timely making the required payment, as of the date of this Order the $100 has not been paid to the Court.   The docket entry provides a false statement that counsel paid the fee on August 12, 2019 when counsel did not actually pay the fee as represented to the Court.

Rule 9011(b)(1) of the Federal Rules of Bankruptcy Procedures provides as follows:

**(b) Representations to the Court.**  By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the persons' knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.][1]

Counsel for the Debtor is hereby placed on notice that the certification contained in the docket entry dated August 12, 2019 pursuant to which counsel falsely certified that counsel paid $100 to the Court in satisfaction of the Court's Order constitutes grounds for Rule 9011 sanctions pursuant to Rule 9011(b)(1) of the Federal Rules of Bankruptcy Procedure as a representation to the Court asserted for an improper purpose.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED,** on the Court's own initiative pursuant to Rule 9011(c)(1)(B), that Joseph Pleva, Esq., is hereby **ORDERED** to appear on **Wednesday, September 4, 2019** at **2:30 p.m.** before the Honorable Clifton R. Jessup, Jr. at the United States Bankruptcy Court, 400 Well Street, Decatur, AL 35601 and show cause why counsel has not violated Rule 9011(b) and why counsel should not be held in contempt and sanctions imposed.

Dated this the 14th day of August, 2019.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

---

[1] FED. R. BANKR. P. 9011(b)(1).